UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| CHRISSY SPEAKS, | |
|---|---|
| Plaintiff, | Civ. No. 16–2726 (KM) |
| v. | OPINION |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

### KEVIN MCNULTY, U.S.D.J.:

Chrissy Speaks brings this action pursuant to 42 U.S.C. §§ 1383(c)(3) and 405(g) to review a final decision of the Commissioner of Social Security ("Commissioner") denying her claim for supplemental social security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-83(f). She suffers from diabetes, asthma, pancreatitis, bipolar disorder, anxiety disorder, personality disorder, and alcoholism. On October 28, 2014, Administrative Law Judge Dina Lowey concluded that those conditions in combination are disabling. But because the ALJ found Speaks' substance abuse to be a contributing material factor to her disability, benefits were denied.[1]

I find no fault with the ALJ's thorough analysis of the record overall. The ALJ's ultimate decision to deny benefits, however, essentially hinged on a single, inadequately explained difference between two RFC determinations, which requires further development. The difference was attributed to substance

---

[1] This Court exercises a plenary review of all legal issues. *Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 431 (3d Cir. 1999). This Court adheres to the ALJ's findings so long as they are supported by substantial evidence. *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004) (citing 42 U.S.C. § 405(g)). Where facts are disputed, this Court will "determine whether the administrative record contains substantial evidence supporting the findings." *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000).

1

abuse, i.e., alcoholism, and the ALJ attempted to isolate the extent to which Speaks's impairments were attributable to alcoholism, a difficult task.[2] (R. 17)

In the course of doing so, the ALJ performed two RFC analyses.

For the first RFC, the ALJ considered all of Speaks's impairments. Given Speaks's medical source records and two consultative examiner's reports, the ALJ concluded that although she had the capacity to perform some light work, Speaks would be off task for 20% of the workday. (R. 15-16)

For the second RFC, the ALJ considered all of Speaks' impairments *except* her substance abuse disorder. But for her drinking, the ALJ found, Speaks would have had the capacity to perform the same type of light work as defined in the first RFC, but she *would not be off task at all during the workday.* In other words, the ALJ found that *all* of Speaks' inability to stay on task was attributable to alcoholism, and *none* attributable to her other impairments. Because Speaks has have the capacity to work a significant number of jobs that exist in the national economy, but for the limitations imposed by her substance abuse disorder, the ALJ denied benefits. (R. 19-20)

That conclusion, however, lacks the analysis and reasoning necessary for this Court to exercise its review function. Specifically, the decision fails to explain why Speaks' inability to stay on-task is attributable only to substance abuse and not at all to her mental impairments. The ALJ, to be sure, gave reasons for why she thought that the subjective symptoms of those mental disorders were exaggerated.[3] That, however, is not really the problem. What is missing any evidence-based explanation or description of the correspondence between Speaks's alcohol abuse and her inability to stay on task.

---

[2]  Citations to the record are abbreviated "R. __".

[3]  The ALJ leaned heavily on the treatment records of Dr. Saleem Mahmood, M.D., which the ALJ thought failed to corroborate Speaks' mental impairments. However, several of those records indicate that Speaks had previously attempted suicide, although she denied suicidal ideation at that time. (R. 889-1004) Dr. Mahmood, moreover, seems to be a general practitioner, not a psychiatrist.

2

Such a one-to-one correspondence, while not wholly implausible, cannot simply be assumed. In the first RFC analysis, the ALJ states that the two consultative examiners reported "a significant impairment in maintaining concentration, persistence or pace while abusing alcohol." (R. 15). That, however, is not precisely what the examiners said. The first examiner actually offered a more nuanced opinion: Although Speaks appeared to have difficulty focusing and recalling objects, the examiner was uncertain about the interplay between Speaks' mental illness and substance abuse. (R. 960) ("It is unclear . . . to what extent or in what way, if any, that Chrissy's alcohol abuse is related to the psychologically based symptoms that she may experience. In any case, it appears the current limitations in social and occupational functioning that she may experience are related to her alcohol dependence, psychiatric illness, [and] overall disturbance in personality . . . .")) The second report does not link Speaks's concentration difficulties to alcoholism; Speaks, of course, did not help matters by reporting to the examiner that she "occasionally drinks a beer." (R. 975-78)

The ALJ's view of the case may have caused her to fail to give due weight to a salient piece of evidence. Speaks, recall, was found likely to be off-task 20% of the time. The vocational expert opined, however, that Speaks could not perform any job existing in the economy if she were off task for even as much as 10% of the time. (R. 74) The record contains evidence that Speaks's mental impairments are serious and real. (R. 957-61, 975-78) (discussing reports of manic episodes, suicide attempts, suicidal ideations, self-mutilation, and auditory and visual hallucinations). As the ALJ found in step three, such impairments imposed mild to (at least) moderate limitations on Speaks's ability to perform day-to-day activities, function socially, and concentrate. (R. 13-14, 17-19)[4] Thus it is quite plausible that Speaks's mental impairments, standing

---

[4] The ALJ concluded that, if Speaks stopped drinking, her marked limitation in concentration would improve to a moderate one. (R. 18-19) Again, however, no reason is given as to why only Speaks' substance abuse disorder affects her ability to concentrate, and why her mental impairments do not.

3

alone, could cause her to be off-task as much as 10% of the time. At the very least, these circumstances are sufficient to require a reasoned, evidence-based explanation for the conclusion that the entire 20% of off-task time is attributable to alcoholism alone.

Where, as here, the ALJ's decision lacks adequate reasoning or support for its conclusions, or if it contains illogical or contradictory findings, remand is appropriate. *See Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119–20 (3d Cir. 2000); *Podedworny v. Harris*, 745 F.2d 210, 221 (3d Cir. 1984).

## CONCLUSION

For these reasons, the matter will be REMANDED to the ALJ for further proceedings. The record may be developed further, if appropriate. If disability would be present even absent the substance abuse, the ALJ may so find. If, on the other hand, substantial evidence indicates that Speaks's substance abuse rises to the level of a contributing material factor to Speaks' disability, the ALJ shall provide reasons for that finding sufficient for this Court to exercise its function of review.

Dated: June 30, 2017

**KEVIN MCNULTY**
**United States District Judge**